THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RONALD WALLER and <br> JOANN WALLER, | : <br> : <br> : | |
| Plaintiffs, | : <br> : | Civil Action <br> No. 5:07-cv-201 (CAR) |
| v. | : <br> : | |
| ROBERT ABNEY FRICKS <br> and BRANT FROST, | : <br> : <br> : | |
| Defendants. | : <br> : | |

## ORDER ON MOTION TO DISMISS

This case is the latest episode in a long odyssey of litigation initiated by Plaintiffs Ronald and Joann Waller in an effort to prevent foreclosure on their home by the mortgage-holder, First National Investments, LLC. Their journeys through the courts of Middle Georgia started in February of 2001 and have included four bankruptcy actions, four actions in the federal District Courts, and two actions in the Superior Court of Bibb County. There have also been numerous appeals to the United States Court of Appeals for the Eleventh Circuit. All of these courts have consistently rejected Plaintiffs' claims. The validity of the debt at issue in this case has been affirmed by the Superior Court. The foreclosure and sale of the property on March 1, 2005 has been validated by the Bankruptcy Court and affirmed on appeal to the District Court in the most recent bankruptcy proceedings. In re Waller, No. 5:05-br-50788, (Bankr. M.D. Ga., May 25, 2005), aff'd, 5:05-cv-201 (M.D.Ga., May 19, 2006) ("the bankruptcy proceedings"). Plaintiffs were finally evicted from the property in a dispossessory action in the State Court of Bibb County on May 10, 2005. During their various attempts to challenge the foreclosure and sale of their home, Plaintiffs

have brought suit or attempted to bring suit against a diverse cast of characters associated with the foreclosure proceedings, including not only First National, but also its attorney, its principal member, the Trustee of the Bankruptcy Court, the City of Macon, and the Chief Judge of the State Court of Bibb County.[1]

In this case Plaintiffs seek yet again to challenge the foreclosure, with claims against First National's attorney, Defendant Fricks, and against its principal member, Defendant Frost. The majority of Plaintiffs' claims in this case have already been litigated in the previous actions and are barred from further litigation by the doctrine of *res judicata*. The only arguably new claim is a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. This claim is barred under the applicable statute of limitations.

**1.     Fair Debt Collection Practices Act Claim.**

In Paragraph 3(a) of their Complaint, Plaintiffs allege a violation of the Fair Debt Collection Practices Act arising from a letter sent by Defendant Fricks on February 1, 2005 with a notice of foreclosure. They contend that Fricks violated the FDCPA by proceeding with the foreclosure action despite their letter disputing the debt. The foreclosure sale took place on March 1, 2005. Therefore, to the extent that any violation of the FDCPA occurred, it occurred no later than March 1, 2005. The FDCPA has a statute of limitations requiring the filing of an action within one year from the date on which the violation occurs. 15 U.S.C. § 1692k(d). Plaintiffs filed this lawsuit on June 16, 2006, more than fifteen months after the alleged violation. They have not shown any reason to toll the statute of limitations in this case.

---

[1] Much of the history of this case is described in detail in the May 24, 2005 Memorandum Opinion of the Bankruptcy Court, attached as an exhibit to Defendant's Memorandum in Support of their Motion to Dismiss (Doc. 24).

**2.     Claims Related to Bankruptcy Proceedings.**

Plaintiffs' remaining claims all relate to perceived deficiencies in the bankruptcy proceedings. In Paragraph 3(b) they complain that the Defendants failed to prove their equity when seeking relief from the automatic stay. In Paragraph 3(c) they complain that the Defendants failed to prove the validity of the October 10, 1988 security deed, yet proceeded with the foreclosure sale of the property. In Paragraph 3(d), they complain that the statute of limitations should have prevented foreclosure under the security deed. In Paragraph 3(e) they contend that the Defendants discriminated against them on the basis of race by "having the plaintiffs bear the burden of proof that no debt existed." Finally, in Paragraph 3(f) they contend that the assignment of the security interest from the original mortgage holder to First National was not valid. All of these contentions are directly related to the bankruptcy proceedings. Some of them were specifically argued in the bankruptcy proceedings and addressed in the Bankruptcy Court's memorandum opinion. The claims that were not specifically addressed should have been raised in the bankruptcy proceeding. They are all, therefore, barred by the doctrines of *res judicata* and collateral estoppel.

The final judgment of the District Court on appeal of the last bankruptcy proceedings, Waller v. Frost, No. 5:05-cv-201 (M.D.Ga., May 19, 2005), has preclusive effect on all of Plaintiffs' non-FDCPA claims. Under federal preclusion provisions, *res judicata* "bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). A party seeking to preclude claims under *res judicata* must show: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action. Id.

3

The claims set forth in Plaintiffs' Complaint were claims that were or could have been raised in the bankruptcy action. The essence of the claims in this case is that the foreclosure sale of Plaintiffs' home was wrongful and invalid. That claim was thoroughly litigated in the bankruptcy case. The Bankruptcy Court was a court of competent jurisdiction to decide the validity of the debt in question and the right to foreclosure. It rendered a final judgment on the merits, and that judgment was affirmed on appeal by the District Court. There was no further appeal of the case. All parties in the present case were parties in the bankruptcy proceedings.

This case involves the same cause of action as the bankruptcy proceedings, namely, whether the foreclosure sale was valid. The Bankruptcy Court specifically addressed Plaintiffs' arguments that defendants were obligated to prove the Plaintiffs' equity in the property under 11 U.S.C. § 362(g)(1) and rejected that argument. The court also rejected Plaintiffs' argument that the security deed at issue was invalid, noting that the Superior Court of Bibb County had already heard Plaintiffs' claims regarding the validity of the lien and ruled against them. Although the Bankruptcy Court's Memorandum Opinion does not address the statute of limitations claim that Plaintiffs have put forth in their present Complaint, that issue was inherent to the question of the lien's validity and should have been raised in the bankruptcy action or in the Superior Court action. In the same sense, Plaintiffs' claim that the transfer or assignment of the security interests was invalid was central to the litigation and should have been raised in the prior cases.

As for Plaintiffs' claims of racial bias, the record shows that Plaintiffs have raised such contentions at every opportunity in their prior litigation. In the bankruptcy proceedings, Plaintiffs moved for the recusal of the Bankruptcy Judge and for contempt sanctions against the Trustee on the grounds of bias. Plaintiffs now contend that the present Defendants discriminated against them

4

on the basis of race in "having the plaintiffs bear the burden of proof that no debt existed." (Compl., ¶ 3(e)). This claim fails to set forth a claim for which relief can be granted, in that litigants do not determine the applicable burden of proof in litigation. The court is responsible for determining the applicable burden of proof, and any error must be raised on appeal. A subsequent lawsuit against the opposing party is not the proper forum to remedy such an error.

In bringing this claim, Plaintiffs are essentially seeking to appeal the decision of the Bankruptcy Court. It has already been appealed, however. This case was over when Judge Fitzpatrick issued his decision affirming the Bankruptcy Court on December 14, 2005. After years of legal maneuvering and multiple lawsuits and bankruptcy actions to stall the foreclosure on their home, Plaintiffs lost. The foreclosure is complete, the house sold, and the debt settled. In his affirmance, Judge Fitzpatrick noted that the record of the bankruptcy case presented "an overwhelming amount of evidence to support a finding of bad-faith filing," and warned that "this Court will not permit Plaintiffs to further manipulate the bankruptcy laws and the federal court system." Waller, No. 5:05-cv-201, slip op. at 6 (M.D.Ga., Dec. 14, 2005). In spite of this warning, Plaintiffs have filed yet another frivolous lawsuit to harass or retaliate against the Defendants. Their latest claims must be **DISMISSED, WITH PREJUDICE**. All that remains for decision is the Defendants' counterclaim for bad faith and stubborn litigiousness.

It is SO ORDERED this 28th day of May, 2008.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

chw